*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *LORRAINE HALL-WAGNER,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *Docket No. 05-28-P-H* |
| | ) | |
| *GMRI, Inc., et al.,* | ) | |
| | ) | |
| *Defendants* | ) | |

**RECOMMENDED DECISION ON MOTION OF DEFENDANT GMRI, INC. FOR**
**SUMMARY JUDGMENT**

Defendant GMRI, Inc. moves for summary judgment on the claim asserted against it by the

plaintiff, Lorraine Hall-Wagner, and the cross-claims asserted against it by defendants Shops at Clarks

Pond, Clarkfair, L.L.C, M&J Wilkow, Ltd. and Reliakor Services Inc. Motion of Defendant GMRI,

Inc. for Summary Judgment ("Motion") (Docket No. 57). I recommend that the court deny the motion.

**I. Summary Judgment Standard**

**A. Federal Rule of Civil Procedure 56**

Summary judgment is appropriate only if the record shows "that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c); *Santoni v. Potter*, 369 F.3d 594, 598 (1st Cir. 2004). "In this regard, 'material' means that a

contested fact has the potential to change the outcome of the suit under the governing law if the dispute

over it is resolved favorably to the nonmovant. By like token, 'genuine' means that 'the evidence

about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving

party.'"  *Navarro v. Pfizer Corp.*, 261 F.3d 90, 93-94 (1st Cir. 2001) (quoting *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995)).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor.  *Santoni,* 369 F.3d at 598.  Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue."  *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); Fed. R. Civ. P. 56(e).  "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party."  *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted).

### B.  Local Rule 56

The evidence the court may consider in deciding whether genuine issues of material fact exist for purposes of summary judgment is circumscribed by the Local Rules of this District.  *See* Loc. R. 56.  The moving party must first file a statement of material facts that it claims are not in dispute.  *See* Loc. R. 56(b).  Each fact must be set forth in a numbered paragraph and supported by a specific record citation.  *See id*.  The nonmoving party must then submit a responsive "separate, short, and concise" statement of material facts in which it must "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts[.]"  Loc. R. 56(c).  The nonmovant likewise must support each denial or qualification with an appropriate record citation.  *See*

*id*.  The nonmoving party may also submit its own additional statement of material facts that it contends are not in dispute, each supported by a specific record citation.  *See id*.  The movant then must respond to the nonmoving party's statement of additional facts, if any, by way of a reply statement of material facts in which it must "admit, deny or qualify such additional facts by reference to the numbered paragraphs" of the nonmovant's statement.  *See* Loc. R. 56(d).  Again, each denial or qualification must be supported by an appropriate record citation.  *See id*.

Failure to comply with Local Rule 56 can result in serious consequences.  "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted."  Loc. R. 56(e).  In addition, "[t]he court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment" and has "no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of fact."  *Id*.; *see also, e.g., Cosme-Rosado v. Serrano-Rodriguez*, 360 F.3d 42, 45 (1st Cir. 2004) ("We have consistently upheld the enforcement of [Puerto Rico's similar local] rule, noting repeatedly that parties ignore it at their peril and that failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted." (citations and internal punctuation omitted).

## II.  Factual Background

The plaintiff alleges that she injured her ankle when she fell in the "walkway/parking lot/driveway" near the front door on the Olive Garden Restaurant in South Portland, Maine.  Defendant GMRI, Inc.'s Statement of Undisputed Material Facts ("GMRI SMF") (Docket No. 58) ¶ 1; Plaintiff's Statement of Material Facts in Support of Her Objection to Defendant GMRI's Motion for Summary Judgment ("Plaintiff's Responsive SMF") (Docket No. 72) ¶ 1; Defendant Reliakor Services

Inc.'s Response to Defendant GMRI's Statement of Undisputed Material Facts ("Reliakor Responsive SMF") (Docket No. 74) ¶ 1; Defendants Shops at Clark's Pond L.L.C., M&J Wilkow, Ltd. and Clarkfair, L.L.C.'s Response to Defendant GMRI, Inc.'s Statement of Facts, etc. ("Clark's Pond Responsive SMF") (Docket No. 76) ¶ 1.[1]  The basis for this allegation is that GMRI "owned and/or operated the Olive Garden Restaurant" and that GMRI "breached its duty to keep its premises reasonably safe."  *Id*. ¶ 2.  The pothole in which the plaintiff alleges that she fell is located in the roadway in front of the Olive Garden Restaurant.  *Id*. ¶ 3.  This incident occurred on February 9, 2002.  Additional Facts Material to GMRI's Motion ("Plaintiff's SMF") (included in Plaintiff's Supplemental SMF, beginning at page 4) ¶¶ 20-21; Defendant GMRI, Inc.'s Reply to Plaintiff's Statement of Material Facts ("GMRI's Responsive SMF") (Docket No. 79) ¶ 21.

General Mills Restaurants, Inc. leased the property for the operation of this restaurant from the owner.  GMRI's SMF ¶ 4; Plaintiff's Responsive SMF ¶ 4; Reliakor Responsive SMF ¶ 4; Clark's Pond Responsive SMF ¶ 4.  In 1995 General Mills Restaurants, Inc. changed its name to GMRI, Inc.  *Id*. ¶ 5.  The premises leased for GMRI's exclusive use extend only as far as the sidewalk in front of the restaurant; the exclusively leased premises do not include the roadway in front of the restaurant, where the plaintiff alleges she fell.  *Id*. ¶ 6.  The place where the plaintiff fell is located on property owned by defendant Shops at Clark's Pond on the date of the fall.  *Id*. ¶ 7.  The sole basis of liability alleged against GMRI by Reliakor's cross-claim[2] is that "[t]o the extent that the plaintiff proves any

---

[1] Defendants Shops at Clark's Pond L.L.C., M&J Wilkow, Ltd. and Clarkfair, L.L.C.  (the "Clark's Pond defendants") present a qualified response to this  paragraph of GMRI's statement of material facts, based on the assertion that they "deny that an allegation in an Amended Complaint is sufficient to establish a fact for the purposes of summary judgment."  Clark's Pond Responsive SMF ¶ 1. As presented here, the paragraph asserts only what the plaintiff claims, not that what she claims actually occurred, and it correctly states that claim.  As the admissions of the plaintiff and defendant Reliakor Services, Inc., demonstrate, Reliakor Responsive SMF ¶ 1; Plaintiff's Responsive SMF ¶ 1, there is no dispute about this fact as it is alleged.  The Clark's Pond defendants' technical objection serves no practical purpose and will be disregarded, as will its identical response to paragraph 2 of GMRI's statement of material facts.
[2] Reliakor's claim against GMRI is asserted only in its answer to a third-party complaint filed against it by GMRI when GMRI was the sole defendant named in the plaintiff's complaint.  Docket Nos. 3 & 19.  The plaintiff subsequently filed an amended complaint naming all of the third-party defendants brought into the action by GMRI as direct defendants.  Docket No. 45.  Reliakor's answer to the
(*continued on next page*)

4

damage was caused by negligence or other fault, said damages were caused solely and proximately by the negligence of defendant, Third-Party Plaintiff Darden Restaurants, Inc."[3] *Id*. ¶ 8.[4]  An addendum to the lease dated March 21, 1991 states that "LANDLORD shall maintain or cause to be maintained the Common Areas in clean condition, good order and repair including but not limited to: . . . parking areas . . . access roads . . . adequately illuminating the parking areas and other common areas . . . ." *Id*. ¶ 10.  The addendum defines common areas as follows:

> LANDLORD hereby gives, grants and conveys to TENANT the right and non-exclusive easement to use the parking areas, driveways, roadways, curbcut, entrances and common areas of the aforementioned property (collectively the "Common Areas") for use in common with others by vehicular and pedestrian traffic by TENANT'S customers, invitees, employees, agents, servants, and independent contractors.

*Id*. ¶ 11.[5]  The indemnification clause of the lease states: "Except for LANDLORD'S negligence TENANT covenants and agrees to hold harmless LANDLORD . . . ."  *Id*. ¶ 12.[6]

Prior to the plaintiff's accident, personnel from the Olive Garden Restaurant had noticed areas of the parking lot and roadway needing repairs and had reported them to the property manager.  *Id*.

---

amended complaint does not include its claim against GMRI.  Docket No. 48.  To the extent that that claim survives, as the parties clearly assume it does, it is more appropriately referred to as a cross-claim rather than a third-party counterclaim.

[3] GMRI was substituted for Darden Restaurants, Inc. as a defendant in this action.  Docket No. 18.

[4] Defendant Reliakor purports to deny this paragraph of GMRI's statement of material facts, without citation to the summary judgment record, because it "is not a factual allegation" and "the basis for Reliakor's claim for contribution is base[d] upon  Maine law . . . ." Reliakor's Responsive SMF ¶ 8.  A purported denial not accompanied by a citation to the summary judgment record will not be considered under this court's Local Rule 56(f).  In addition, as phrased, the sentence does present a factual statement and presents it correctly.

[5] Reliakor again purports to deny this paragraph of GMRI's statement of material facts, again without citation to the summary judgment record.  Reliakor's Responsive SMF ¶ 11.  The stated basis for the denial is that "The terms of the lease are on record and the document speaks for itself.  GMRI should either set forth applicable provisions in their entirety or reference portions directly to them [sic] in the record."  *Id*.  This assertion reveals a basic misunderstanding of Local Rule 56.  The moving party has no obligation to reproduce in its statement of material facts anything more than the specific language of any particular document that it deems material to its motion for summary judgment.  If an opposing party believes that additional language from that document is material or that the quoted language is in fact misstated, it is the obligation of that party to set forth that language in its responsive statement of material facts.  Reliakor's denial as presented will be disregarded.

[6] The plaintiff and the Clark's Pond defendants qualify, and Reliakor denies, this paragraph of GMRI's statement of material facts on the basis that the paragraph sets forth legal argument rather than facts.  Plaintiff's Responsive SMF ¶ 12, Reliakor's Responsive SMF ¶ 12, Clark's Pond Responsive SMF  ¶ 12.  The portion of paragraph 12 that is set forth in the text does not constitute legal argument and accordingly is deemed admitted.

¶ 14.[7]  Those problems extended over the entire parking area and roadway, not just the portion immediately in front of the Olive Garden Restaurant.  *Id*. ¶ 15.  The driveway where the plaintiff fell ran along the entire length of all the stores and restaurants within the Shops at Clark's Pond, not just in front of the Olive Garden Restaurant.  *Id*. ¶ 17.  There was cracking along the entire length of the driveway, running along the center line of the traveled area.  *Id*. ¶ 18.

M&J Wilkow contracted with Reliakor for maintenance at the subject premises.  Additional Facts in Support of Reliakor's Objection to GMRI's Motion (included in Reliakor Responsive SMF, beginning at page [2]) ¶ 1.[8]  Shops at Clark's Pond and its maintenance subcontractor, M&J Wilkow, terminated a contract with Clifton Property Services for on-site maintenance at the Olive Garden site on April 30, 2002 for, *inter alia*, failing to provide adequate maintenance services.  Plaintiff's SMF ¶ 34.[9]  Shops at Clark's Pond had the pothole where the plaintiff fell filled in very soon after her fall.  *Id*. ¶ 35.[10]

The lease agreement between GMRI and the Shops at Clark's Pond included a self-help provision stating that the tenant could cure any failure by the landlord to perform any provision of the lease that continued for a period of 30 days after notice.  Defendants Shops at Clark's Pond L.L.C., M&J Wilkow, Ltd. and Clarkfair, L.L.C.'s Statement of Additional Material Facts, etc. (included in

---

[7] The plaintiff and the Clark's Pond defendants qualify their response to this paragraph of GMRI's statement of material facts and Reliakor denies it, all apparently because GMRI had not received by the time it filed its motion for summary judgment on September 22, 2005,  Docket No. 57, the transcripts of the depositions on which it based paragraphs 14-18 of its statement of material facts.  GMRI subsequently filed a document specifying the pages of the deposition transcripts on which it based paragraphs 14-15 and 17-18.  Supplemental Citations to Defendant GMRI, Inc.'s Statement of Undisputed Material Facts (Docket No. 84).  Because no authority was cited for paragraph 16, I will not consider that paragraph.  None of the other parties has disputed any of GMRI's citations of authority for the other paragraphs and, to the extent that the citations support those paragraphs, they will accordingly be deemed admitted.

[8] None of the other parties responded to this paragraph of Reliakor's statement of material facts.  It is accordingly deemed admitted to the extent supported by the citation given to the summary judgment record.  Local Rule 56(f).

[9] GMRI did not respond to this paragraph of the plaintiff's statement of material facts.  It is accordingly deemed admitted to the extent supported by the citation given to the summary judgment record.  Local Rule 56(f).

[10] *See* note 9, *supra*.

6

Clark's Pond Responsive SMF starting at page 4) ¶ 14; GMRI, Inc.'s Reply to Statement of Material

Facts of Shops at Clark[']s Pond, et al. (Docket No. 83) ¶ 14.

### III. Discussion

### A.  Plaintiff's Claim

GMRI contends that it is entitled to summary judgment on Count I of the amended complaint,

the only count asserted against it, Amended Complaint (Docket No. 45) at [2], which alleges that it

negligently breached its duty to keep its premises reasonably safe, because the plaintiff did not fall on

its premises, but rather on property owned by the Shops at Clark's Pond, Motion at [1]-[2].  It cites no

authority in support of this argument.  The plaintiff responds that she fell in a common area "to which

GMRI had been granted an easement by its lease."  Plaintiff's Objection to Defendant GMRI's Motion

for Summary Judgment ("Plaintiff's Opposition") (Docket No. 71) at 1.  She contends, without citation

to authority,[11] that this easement makes the place where she fell part of GMRI's "premises."  *Id*. at 5.

In the alternative, citing case law from jurisdictions other than Maine, she asserts that the landlord and

tenant in this case had a concurrent duty to customers of the restaurant to ensure that the premises were

safe for invitees.  *Id*. at 7.

In general, in slip-and-fall negligence cases, a business owner owes a "duty of exercising

reasonable care in providing reasonably safe premises when it knows or should have known of a risk

to customers on its premises."  *Budzko v. One City Ctr. Assocs. Ltd. P'ship*, 767 A.2d 310, 314 (Me.

2001) (citation and internal punctuation omitted).   The parties do not cite, and my own research has

not located, any Maine case law defining the term "premises" for purposes of allocating tort liability

between a landlord and a business tenant when the injury occurs on property immediately adjacent to

the leased premises and over which customers must travel to reach the business and the lease for the

---

[11] Curiously, the plaintiff does cite to authority setting forth the legal standard applicable to motions to dismiss.  Plaintiff's Opposition at (*continued on next page*)

premises contains a clause like that quoted above.[12]  The plaintiff has offered evidence that both GMRI and the Shops at Clark's Pond had notice of the existence of cracks and holes in the roadway where the plaintiff fell.  Plaintiff's SMF ¶¶ 24-27, 29; GMRI Responsive SMF ¶¶ 24-27, 29.

In *Pelletier v. Fort Kent Golf Club*, 662 A.2d 220 (Me. 1995), the Maine Law Court said that

> [a] business owner has a general duty to exercise reasonable care to present injury to business invitees.  The duty owed to one lawfully on the premises is to use ordinary care to ensure that the premises were reasonably safe for the plaintiff, guarding him against all reasonably foreseeable dangers, in light of the totality of the circumstances.  The duty owed to business invitees can extend beyond the precise boundaries of the premises under the invitor's control or occupancy to include the approaches which they are expressly or impliedly invited to use or which they would be reasonably expected to use, even though these approaches be not under the invitor's absolute control.

*Id*. at 221-22 (citations and internal punctuation omitted).  In that case, the plaintiff was injured when her golf ball ricocheted off railroad tracks crossing a fairway on the defendant golf course.  *Id*. at 221.  The Law Court held that the defendant possessed the tracks because it manifested an intention to have control over the land on which the tracks were located.  *Id*. at 222.  In *Libby v. Perry*, 311 A.2d 527, 535 (Me. 1973), cited with approval in *Pelletier*, the plaintiff fell on ice immediately after stepping off the stairs of an armory where he had attended a dance, *id*. at 529.  The defendants contended that the area where the plaintiff fell was not within their possession and control.  *Id*. at 535. The Law Court held that defendants owed the plaintiff the duty of exercising reasonable care to provide him with walkways reasonably safe from unreasonable risk of harm in light of the totality of the circumstances.  *Id*. at 535-36.  It relied on case law from other jurisdictions holding that the duty of an

5-6.  That is not the standard applicable to the instant motion for summary judgment.

[12] The plaintiff cites *Tobin v. Portland, Saco & Portsmouth R.R. Co.*, 59 Me. 183, 188 (1871), for the proposition that "a person injured, without neglect on his part, by a defect or obstruction in a way or passage over which he has been induced to pass, for a lawful purpose, by an invitation express or implied, can recover damages for the injury sustained against the individual so inviting and being in fault for the defect," Plaintiff's Opposition at 7, but that citation provides no assistance here where the issue is, in *Tobin*'s terms, who is "in fault for the defect."  In *Tobin*, the defect was in a platform built and used by the defendant railroad company.  There is no evidence of an analogous situation in the present case.

invitor to its business invitees extends beyond the boundaries of the premises under its control or occupancy to include the approaches which invitees are expressly or impliedly invited to use or which they would be reasonably expected to use, "even though these approaches be not under the invitor's absolute control." *Id*. at 535. Finally, in *Quadrino v. Bar Harbor Banking & Trust Co.*, 588 A.2d 303 (Me. 1991), also cited in *Pelletier*, the plaintiff fell onto property owned by a third party after tripping on a curb constructed and maintained by the Maine Department of Transportation while crossing a driveway of the defendant's banking facility, *id*. at 304. The Law Court held in favor of the defendant, finding that it was not "the possessor of the land that led to plaintiff's injuries." *Id.* at 305. The defendant had no possessory interest in the curb. *Id.*

None of these Maine cases is directly on point. Courts in other jurisdictions have addressed the precise question presented here and have come to differing conclusions. The plaintiff cites *Levy v. Home Depot, Inc.*, 518 So.2d 941, 942-43 (Fla.App. 1988); *City of Pensacola v. Stamm*, 448 So.2d 39, 41-42 (Fla.App. 1984); *Combs v. Aetna Ins. Co.*, 410 So.2d 1377, 1378 (Fla.App. 1982) and *Jackson v. K-Mart Corp.*, 442 A.2d 1087, 1090-91 (N.J.Super. 1981), which appear to support her position. Contrary to the plaintiff's suggestion, Plaintiff's Opposition at 8, neither comment b to Section 343 of the Restatement (2d) of Torts nor *Ogden v. Libby*, 159 Me. 485 (1963), supports this approach. That section of the Restatement deals with the liability of the possessor of property to the possessor's invitee or licensee; that is the context in which the Maine Law Court cited it in *Ogden*, 159 Me. at 487-88. Again, the question here is whether GMRI possessed the property on which the plaintiff was injured, not what the responsibilities of a possessor are.

Other case law cited by the plaintiff appears to support GMRI's position. In *Wilson v. Allday*, 487 So.2d 793 (Miss. 1986), the plaintiff suffered a slip-and-fall injury in the parking lot of a supermarket, *id*. at 795. The lease agreement provided: "The premises under this lease include the

9

free use of properly paved, lighted, drained, striped parking lot . . . allowing for the parking of approximately 450 automobiles by Lessee, its customers, [etc.]." *Id*. at 794. The court noted that Mississippi law places on the person in charge of the premises a duty running to business invitees to exercise reasonable care to keep the premises reasonably safe, and that "[w]here the lessor reserves control over a designated area for common use of tenants and is negligent, lessor is liable for resulting injury." *Id*. at 795-96. The court noted that "[a] number of cases have held that in the absence of a controlling statute (as here) the lessee of a business establishment within a shopping center is not liable for injuries sustained by a patron on property not included in the leasehold, where a provision of the lease gave the lessor the duty to maintain the area in question." *Id*. at 796 (citing cases from Massachusetts, Ohio and Texas). Holding instead that "liability runs with possession and control of the property," *id*., the court determined that the language of the lease provided for control of the parking lot by both lessor and lessee, the court found concurrent liability, *id*. at 798.

Here the language of the lease at issue does not include the roadway, parking lot or other common areas in the leased premises. The lease specifically makes it the responsibility of the lessor to maintain those areas. GMRI's SMF ¶ 10; Plaintiff's Responsive SMF ¶ 10; Reliakor Responsive SMF ¶ 10; Clark's Pond Responsive SMF ¶ 10. The fact that the lessee retains the ability to use self-help should the lessor fail to make a repair "necessary to prevent injury to persons" under the lease, Plaintiff's SMF ¶ 31, GMRI's Responsive SMF ¶ 31, and even has a duty to "keep and maintain [the] respective easement areas free and clear and well kept in accordance with first class shopping center practices," *id*. ¶ 33, does not overcome the more specific language concerning the responsibilities of the lessor. However, on the record before the court, I cannot conclude that only the lessor was in possession and control of the area where the plaintiff fell. The Law Court's language in *Pelletier* allows a lessee to be found liable even if it is not in "absolute control" of such an area. I cannot say

10

as a matter of law that GMRI's relationship to this area under the terms of the lease was beyond the scope of such relationships contemplated by the Law Court in *Pelletier*. Accordingly, I recommend that the motion for summary judgment on Count I be denied.

### B. Cross-Claims

GMRI contends that it is entitled to summary judgment on the claims asserted against it by Reliakor because it was not the owner or renter of the roadway where the plaintiff alleges that she fell. Motion at [2]-[3]. It contends that it is not liable to the remaining defendants on their claims for indemnification and contribution because it had no duty to maintain the roadway, the Shops at Clark's Pond is not the landlord and it need not indemnify the landlord for the landlord's own negligence under the terms of the lease. Motion at [3]-[5]. GMRI again cites no authority in support of these arguments.

Reliakor opposes GMRI's motion by adopting the arguments of the plaintiff. Defendant Reliakor Services Inc.'s Objection to Defendant GMRI's Motion for Summary Judgment ("Reliakor Opposition") (Docket No. 73) at 1-4. It asserts that "[t]he fact alone, that GMRI's patrons had the right to use the premises (the Olive Garden parking lot) adjacent to its well recognized restaurant in common with other tenants establishes a duty to the Plaintiff as a matter of law." *Id*. at 3. Reliakor cites no authority in support of this assertion. Nothing in *Denman v. Peoples Heritage Bank, Inc.*, 704 A.2d 411, 413 (Me. 1998), cited by Reliakor for the unremarkable propositions that a possessor of land owes a duty to use reasonable care running to all persons lawfully on the premises and that a possessor is one who manifests an intent to control the land, Reliakor Opposition at 4, requires a different result. My recommendation with respect to the motion for summary judgment on the plaintiff's claim governs here nonetheless. On the showing made, GMRI is not entitled to summary judgment on Reliakor's cross-claim against it.

11

The remaining defendants[13] assert, in conclusory fashion, that GMRI owed a duty to the plaintiff "[i]rrespective of the technical legal ownership question."  Defendants Shops at Clark's Pond L.L.C., M & J Wilkow, Ltd., and Clarkfair, L.L.C.'s Opposition to Defendant DMRI, Inc.'s Motion for Summary Judgment, etc. (Docket No. 75) at 5.  This duty these defendants describe as a responsibility "to ensure the safety of those persons whom it knows will use the access road to patronize the Restaurant."  *Id*.  Essentially, this argument repeats the one made by the plaintiff, and the same result is indicated.  GMRI is not entitled to summary judgment on these cross-claims.

## IV.  Conclusion

For the foregoing reasons, I recommend that the motion of Defendant GMRI, Inc. for Summary Judgment be **DENIED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 23rd day of November, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

---

[13] None of the parties' statements of material facts makes clear the role of Clarkfair, L.L.C. in this case.